# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 131, AFL-CIO,

    Plaintiffs,                                        Case No.

v.                                                    Hon.

CLIMAX CONSTRUCTION, LLC,

    Defendants.

---

Benjamin L. King (P81823)
MCKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.
3950 W. 11 Mile Road
Berkley, MI 48072
(248) 354-9650
bking@michworkerlaw.com
*Attorneys for Plaintiff*

# COMPLAINT

Plaintiff International Brotherhood of Electric Workers, Local 131, AFL-CIO, by and through its attorneys, McKnight, Canzano, Smith, Radtke, and Brault, P.C., for its Complaint against Defendant Climax Construction, LLC, states as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to 29 U.S.C. §185 of the Labor Management Relations Act regarding suits brought by and against a labor organization, and pursuant to 28 U.S.C. §§1331 and 1337. This action is brought to enforce arbitration awards issued by the Kalamazoo Labor-Management Committee on June 7, 2023. The arbitration awards were issued pursuant to the grievance procedures set forth in the parties' collective bargaining agreement.

## THE PARTIES

2. Plaintiff International Brotherhood of Electric Workers, Local 131, AFL-CIO ("Local 131"), is a labor organization engaged primarily in representing its members with regard to their wages, hours and other terms and conditions of employment in an industry affecting commerce within the meaning of 29 U.S.C. Section 142 and 185. Local 131 is the exclusive representative of a unit of wiremen

and technicians employed by Climax. Local 131 office is located at 3641 East Cork Street, Kalamazoo, MI 49001.

3. Defendant Climax Construction, LLC. ("Climax") is a Michigan registered limited liability company, which operates as an electrical and solar contractor in and around Kalamazoo County, Michigan.

4. Local 131 and Climax are parties to a collective bargaining agreement governed by the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq*.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 29 U.S.C. §185 of the Labor Management Relations Act regarding suits brought by and against a labor organization, and pursuant to 28 U.S.C. §§1331 and 1337.

6. This Court has subject matter jurisdiction over the parties pursuant to 29 U.S.C. §185(a), (c), and (d), because the parties regularly conduct business in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C.§1391(b).

## FACTUAL ALLEGATIONS

8. Local 131 and Climax are parties to a collective bargaining agreement ("CBA") that is effective from June 1, 2021 to May 31, 2024.

9. On October 19, 2021, Josh Thompson, the owner of Climax signed a Letter of Assent and agreed to be bound by the terms of the June 1, 2021 to May

2

31, 2024 Inside Wireman Agreement ("Agreement") between the Kalamazoo Division Michigan Chapter and Local 131.

10. The Agreement contains a grievance and arbitration procedure.

11. The Agreement also establishes the Kalamazoo Labor-Management Committee ("KLMC"), that consists of three management or employer representatives and three union representatives. The Agreement empowers the KLMC to review, grant, or deny grievances. If a majority of the of the KLMC vote to uphold a grievance, the award is final and binding on the grieved signatory employer, like Climax. If the KLMC fails to agree or to adjust any matter then the grievance is referred to the Council on Industrial Relations for the Electrical Contracting Industry for adjudication.

12. Local 131 filed two grievances in 2023 against Climax. One grievance alleged that Climax violated Article III, Section 3.20 of the Agreement with regard to a Local 131 member, Scott Mueller ("Mueller Grievance"). The second grievance alleged that Climax improperly withheld four-hundred dollars ($400.00) from another member's, Joe Selles, final paycheck ("Selles Grievance")

13. Local 131 processed these two grievance through the steps of the grievance procedure.

14. On June 6, 2023, the KLMC held a grievance hearing to decide the merits of the Selles and Mueller grievances.

3

15. The KLMC found Climax guilty of violating the Agreement in both cases.

16. On June 7, 2023, the KLMC issued written awards to Local 131 and Climax.

17. With regard to the Mueller Grievance the KLMC found that Climax violated Article III, Section 3.20 of the Agreement. The Mueller Grievance award is attached as Exhibit A. The KLMC ordered Climax to:

- Remit gross wages totaling $1,506.40 to Mr. Mueller based on 40 hours at the regular straight time rate of $37.66 per hour per Article IV, Section 4.04(a) of the Agreement.

- Remit Pension Plan for Local 131 contributions of $331.41 based on $1,506.40 in gross wages times the 22% contribution rate called for in Article IV, Section 4.04(b) of the Agreement and in the manner provided for in Article XI, Section 11.01 of the same.

- Remit Health Fund contributions totaling $330.00 based on 40 hours times the $8.25 per hour contribution called for in Article IV, Section 4.04(b) of the Agreement and in the manner provided for in Article IX, Section 9.01 of the same.

- Remit National Electrical Benefit Fund contributions of $45.19 based on $1,506.40 in gross wages times the 3% of gross wage contribution called for in Article IV, Section 4.04(b) of the Agreement and in the manner provided for in Article X, Section 10.01 of the same.

- Remit National Labor Management Cooperation Fund contributions totaling $0.40 based on 40 hours times the $0.01 per hour contribution called for in Article IV, Section 4.04(b) of the Agreement and in the manner provided for in Article XV, Section 15.03 of the same.

4

- Remit Kalamazoo Labor Management Cooperation Fund contributions totaling $3.20 based on 40 hours times the $0.08 per hour contribution called for in Article IV, Section 4.04(b) of the Agreement in the manner provided for in Article XIV, Section 14.03 of the same.

- Remit Administrative Maintenance Fund contributions totaling $10 based on 40 hours times the $0.25 per hour contribution called for in Article IV, Section 4.04(b) of the Agreement in the manner provided for in Article XVII, Section 17.01 of the same.

- Remit Kalamazoo Joint Apprenticeship Training Fund contributions totaling $30.13 based on $1,506.40 in gross wages times the 2% gross wage contribution rate called for in Article IV, Section 4.04(c) of the Agreement in the manner provided for in Article V, Section 5.16 of the same.

18. With regard to the Selles Grievance the KLMC found that Climax improperly withheld four hundred dollars ($400.00) from his final paycheck. The KLMC ordered Climax to "remit a check in the amount of $400.00" to the grievant. The Selles Grievance award is attached as Exhibit B.

19. The grievance awards were sent to Climax via registered mail and e-mail on June 7, 2023.

20. On September 18, 2023, Local 131, through its counsel, advised Climax of its intent to seek enforcement of the two grievances and that a defense of such an action would be frivolous and without merit.

21. Climax did not comply with the KLMC awards in these matters.

22. Climax did not sue to vacate the KLMC awards within ninety-days as required by federal labor law.

## CAUSES OF ACTION
## COUNT I: ENFORCEMENT OF THE MUELLER GRIEVANCE AWARD

23. Local 131 re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though set out here word for word.

24. Congress has declared the final adjustment of labor-management disputes by a method agreed upon by the parties to be the "desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement." 29 U.S.C. §173(d) (1947).

25. The parties agreed that any alleged violation or misinterpretation of a provision of the Agreement must be submitted to arbitration by the KLMC.

26. An award voted upon by a majority of members of the KLMC is final and binding.

27. IBEW Local 131 processed the Mueller Grievance to final and binding arbitration before the KLMC.

28. The KLMC sustained the Mueller Grievance and ordered Climax to remit payments to Mr. Mueller and various labor-management funds.

29. Since the KLMC's award, Climax, without justification, refused to comply with the KLMC's June 7, 2023 award.

30. Climax's refusal to comply with the KLMC's June 7, 2023 award violates its obligations under federal labor law and public policy, and justify a

declaration and order enforcing the June 7, 2023 award and granting Local 131 such other relief as justified by law.

## COUNT II: ENFORCEMENT OF THE SELLES GRIEVANCE AWARD

31. Local 131 re-alleges and incorporates by reference the preceding paragraphs of this Complaint as though set out here word for word.

32. Congress has declared the final adjustment of labor-management disputes by a method agreed upon by the parties to be the "desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement." 29 U.S.C. §173(d) (1947).

33. The parties agreed that any alleged violation or misinterpretation of a provision of the Agreement may be submitted to arbitration by the KLMC.

34. An award voted upon by a majority of members of the KLMC is final and binding.

35. IBEW Local 131 processed the Selles Grievance to final and binding arbitration before the KLMC.

36. The KLMC sustained the Selles Grievance and ordered Climax to remit payments to Mr. Selles.

37. Since the KLMC's award, Climax, without justification, refused to comply with the KLMC's June 7, 2023 award.

38. Climax's refusal to comply with the KLMC's June 7, 2023 award violates its obligations under federal labor law and public policy, and justify a

declaration and order enforcing the June 7, 2023 award and granting Local 131 such other relief as justified by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, seeks relief as follows:

    A.    A judgment and order from the Court enforcing the KLMC's June 7, 2023 grievance awards and directing Climax to remit payments to the grievants and various labor-management funds as required by the grievance award;

    B.    A declaration that Defendants are violating or have violated the civil rights of Plaintiffs and the Class and Subclass they represent;

    C.    An award of reasonable attorneys' fees and costs; and

    D.    Any other relief that the court deems appropriate.

    Respectfully submitted,

McKnight, Canzano, Smith,
Radtke & Brault, P.C.

*/s Benjamin L. King*
Benjamin L. King (P81823)
3950 W. 11 Mile Road
Berkley, MI 48072
(248) 354-9650
bking@michworkerlaw.com
*Attorneys for Plaintiff*

Dated: September 22, 2023